Filed 1/14/25  P. v. Saldana CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F087779 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. F14907497) |
| DANNY PEREZ SALDANA, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County.  Arlan L. Harrell, Judge.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Levy, Acting P. J., Smith, J. and DeSantos, J.

# INTRODUCTION

Appellant and defendant Danny Perez Saldana (appellant) was convicted of first degree burglary and other offenses. He was sentenced to the second strike term of 19 years and the trial court imposed a restitution fine and fees. In 2023, appellant filed a petition pursuant to Penal Code[1] section 1465.9 to vacate the trial court's imposition of the restitution fine and other fees. The court denied the petition and found the statue was inapplicable to the fine and fees imposed in appellant's case.

On appeal, appellate counsel filed a brief that summarized the facts with citations to the record, raised no issues, and asked this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436; *People v. Delgadillo* (2022) 14 Cal.5th 216.) Appellant did not file a supplemental brief on his own behalf. We affirm.

## PROCEDURAL BACKGROUND

On December 15, 2014, a second amended information was filed in the Superior Court of Fresno County charging appellant with committing the following offenses on or about October 15, 2013: count 1, first degree residential burglary (§§ 459/460, subd. (a)); count 2, criminal threats (§ 422) with an enhancement for personal use of a deadly and dangerous weapon, a knife (§ 12022, subd. (b)(1)); count 3, misdemeanor exhibiting a deadly weapon (§ 417, subd. (a)(1)); and count 4, misdemeanor vandalism (§ 594, subd. (a)(2)). Appellant was also charged with counts 5, 6, and 7, felony dissuading a witness from prosecuting a crime (§ 136.1, subd. (b)(2)), with prior conviction allegations.

On December 23, 2014, the jury found appellant guilty of all charges and the deadly weapon enhancement true. Appellant admitted the prior conviction allegations.

On January 29, 2015, appellant was sentenced to an aggregate second strike term of 19 years: as to count 1, the midterm of four years doubled to eight years, plus

---

[1]     All further statutory citations are to the Penal Code unless otherwise indicated.

five years for the section 667, subdivision (a) enhancement; as to count 5, the trial court dismissed the prior strike conviction and imposed the midterm of two years to run fully consecutive to count 1; and as to count 7, the midterm of two years doubled to four years, also to run fully consecutive to count 1. The court dismissed the prior strike conviction for count 6 and stayed the sentence imposed for that offense, imposed a concurrent term for count 2, and dismissed the four prior prison term enhancements.

The trial court imposed a restitution fine of $5,700 (§ 1202.4, subd. (b)) and suspended the parole revocation fine in the same amount (§ 1202.45); a court security fee of $280 (§ 1465.8, subd. (a)(1)); and a criminal conviction assessment of $210 (Gov. Code, § 70373).[2]

In 2017, this court filed the nonpublished opinion in *People v. Saldana* (Mar. 16, 2017, F071046), affirming the judgment on direct appeal.

## Section 1465.9 Motion

On December 1, 2023, appellant filed, in propria persona, a motion for the trial court to vacate the judgment and the court's imposition of the restitution fine and fees, pursuant to the enactment of section 1465.9, effective January 1, 2022.

On February 29, 2024, the court filed an order that denied appellant's motion and found the provisions of section 1465.9 "had no impact on the fines ordered."

On March 18, 2024, appellant filed a timely notice of appeal.

## DISCUSSION

As noted above, appellate counsel filed a brief with this court pursuant to *Wende* and *Delgadillo*. The brief also included counsel's declaration that appellant was advised he could file his own brief with this court. On November 12, 2024, this court advised

---

[2] The abstract of judgment showed the sentence for count 6 was run fully consecutive and the sentence for count 5 was stayed. On July 6, 2018, the trial court filed an amended abstract of judgment to correct that the sentence in count 6 was stayed, and the sentence of two years for count 5 was imposed to run fully consecutive to count 1, with the same aggregate sentence of 19 years, and the same fine and fees.

3.

appellant by letter that he could file a supplemental letter or brief raising any arguable issues.  Appellant did not do so.

Appellant's motion sought dismissal of the restitution fine and fees based on the version of section 1465.9 that became effective on January 1, 2022.  Assembly Bill No. 177 (2021−2022 Reg. Sess.) (Assembly Bill 177) amended section 1465.9, subdivision (b) to state:  "On and after January 1, 2022 the balance of *any court-imposed costs* pursuant to Section 1001.15, 1001.16, 1001.90, 1202.4, 1203.1, 1203.1ab, 1203.1c, 1203.1m, 1203.4a, 1203.9, 1205, 1214.5, 2085.5, 2085.6, or 2085.7, as those sections read on December 31, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (Stats. 2021, ch. 257, § 35, italics added.)  Assembly Bill 177 also repealed section 1202.4, former subdivision (*l*), which authorized county boards of supervisors to "impose a fee to cover the actual administrative cost of collecting the restitution fine."  (Stats. 2021, ch. 257, §§ 19, 20.)

Assembly Bill 177's amendments to section 1465.9 only addressed administrative fees, it did not affect the trial court's ability to impose the restitution fine and fees in this case, and the court correctly denied appellant's motion.[3]

After independent review of the record, we find no reasonably arguable factual or legal issues exist.

## DISPOSITION

The trial court's order of February 29, 2024, is affirmed.

---

**3**    We decline to address any issues as to the applicability of the amendments to section 1469.5, which became effective on January 1, 2025.

4.